In the Matter of the Claim of JUAN SERRANO, by MIGUEL AFONSO, as Committee of the Person and Property of Claimant, an Incompetent Person, Appellant, against M. A. GAMMINO CONSTRUCTION Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision and award of the Workmen's Compensation Board finding that the claimant, an alien, had become a nonresident within the meaning of section 17 of the Workmen's Compensation Law and directing reimbursement to the carrier of one half of the award, pursuant to that section. The claimant was injured on November 21, 1932. As a result of his injuries he suffered a post traumatic mental deterioration and is permanently totally disabled. On May 14, 1934, the claimant was adjudicated an incompetent by the Supreme Court, Westchester County, and one Miguel Afonso was appointed committee of his person and property. The claimant was committed to a State hospital where he remained until 1948. On November 30, 1948, the committee applied to the Supreme Court, Westchester County, for an order allowing the repatriation of the alien claimant to his native land of Portugal on the ground that it would be in the best interests of the incompetent to send him back to live with his family in Portugal. The court authorized the return of the incompetent to Portugal and accordingly the incompetent departed on December 7, 1948. The appellant contends that section 17 of the Workmen's Compensation Law is not applicable because the committee had no power to change the domicile of the claimant and the claimant is still domiciled in New York State. We find it

unnecessary to determine the domicile of the claimant in a technical sense, although we note the fact that there is no evidence that the claimant's domicile was ever changed from Portugal from which he emigrated to this country. We also note that there is authority supporting the view that the Supreme Court having jurisdiction over the incompetent, has the power to direct a change of his domicile (*Parsee Merchant's Case*, 11 Abb. Prac. [N. S.] 209). Residence within the meaning of section 17 is not necessarily synonymous with domicile. Portugal is now the permanent place of abode of the incompetent. He is a nonresident alien within the meaning of section 17. Decision and award affirmed, without costs. Foster, P. J., Brewster, Bergan and Halpern, JJ., concur.